*United States of America ex rel. John and Jane Doe v. The New York State School Districts*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand fifteen.

Present:     ROBERT A. KATZMANN,
                  *Chief Judge*,
             JOHN M. WALKER, JR.,
             GERARD E. LYNCH,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA EX REL. JOHN AND JANE DOE,

     *Plaintiffs-Appellants*,

     - v -                                         No. 14-1095-cv

THE NEW YORK STATE SCHOOL DISTRICTS, NEW YORK CITY DEPARTMENT OF EDUCATION, COUNTIES OF NEW YORK STATE, ANDERSON CENTER FOR AUTISM, BOCES QUESTAR III, GENESEE VALLEY/WAYNE FINGER LAKES EDUCATIONAL TECHNOLOGY SERVICES, THE CENTRIS GROUP,

     *Defendants-Appellees.*

_____

For Plaintiffs-Appellants:          PHILIP B. ABRAMOWITZ (Andrew K. Cuddy, Jason H. Sterne, *on the brief*), Cuddy Law Firm, P.C., Auburn, New York.


For Defendants-Appellees:          JOSEPH V. WILLEY (Alessandra Denis, *on the brief*), Katten Muchin Rosenman LLP, New York, New York.

Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is hereby **AFFIRMED**. The plaintiffs-appellants appeal from the district court's March 31, 2014 judgment, which dismissed their complaint. Plaintiffs, the parents of school-aged children with disabilities, allege that the defendants improperly billed Medicaid for case management services provided to disabled children. Plaintiffs assert relator claims under the False Claims Act, 31 U.S.C. §§ 3729–3733, challenging those allegedly fraudulent billing practices. We assume the parties' familiarity with the relevant facts, the procedural history of the case, and the issues presented for review.

Plaintiffs' sole argument on appeal is that the district court misread their allegation that the defendant school districts "failed to hold an [individualized education program ("IEP")] meeting thirty days prior to billing Medicaid." J.A. 32-33 ¶ 63. The district court rejected this allegation because no statute or regulation required defendants to submit bills within thirty days of an IEP meeting. Plaintiffs now contend that the allegation was intended to assert that no IEP meeting was ever held, because if it had been, the districts would have billed Medicaid within thirty days of an IEP meeting.

Plaintiffs failed to advance this interpretation of their complaint before the district court, despite the fact that the defendants explicitly argued in their motion to dismiss that there was no requirement that schools bill for IEP meetings within thirty days. Plaintiffs never clarified that they were not alleging a violation of a timing requirement, but instead alleging that no IEP meetings had taken place at all. Nor did plaintiffs move for reconsideration based on the district

2

court's supposed misreading of their complaint or amend their complaint to clarify their allegations, even though the district court dismissed their claims without prejudice.

"[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States,* 13 F.3d 577, 586 (2d Cir. 1994) (per curiam). Accordingly, we decline to consider plaintiffs' contention that the district court misread their complaint. The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3